This case number 4110012 for the appellant, Mr. Muslin, for the appellee, Ms. Brooks, you may proceed. My name is Steve Muslin. I represent the appellant, Bradley Voltaire. Judge, this case stems from a post-conviction petition that was filed on behalf of Mr. Voltaire after he was convicted of possession of narcotics. And the record which was submitted with the petition was a simple one affidavit from him saying that he had told his appellate counsel the issues that he wished to be presented. But furthermore, the record of the trial, including the trial and the post-trial motions and sentencing. In reality, this case was not dismissed on the court's own motion originally, that the next thing the state filed a motion to dismiss the petition. We believe that the court summarily denied it without any meaningful hearing, without giving any reasons other than saying I rely on dismissing it because of what the state said. And the reality of this case is the incompetence of counsel throughout the entire time until this post-conviction petition was filed is so obvious and so egregious that certainly we would have met the first prong and been entitled to a hearing on the second prong with respect to the incompetence of counsel. In this case, there were three different attorneys in this case prior to my being involved. The original attorney, Mr. Spector, if I can say he barely did anything, including showing up, I don't think I would be speaking out of turn. He didn't come on the day of trial. He called and said I'm going to be there late. He was supposed to be there. He basically never did any investigation. This stems from a traffic stop. The basis of the traffic stop was supposedly a material obstruction of a windshield. He never sought to take pictures of the windshield. He never sought to find out what the obstruction was. He never sought to find out whether it was material or not, how big it was. And then he filed a motion to suppress. That's the only thing he did. He filed a motion to suppress the stop. During that motion, and there was also a drug dog that hit on the car, the narcotics were found in the air cleaner of the car. The client was supposed to have given a statement. He never filed a motion to suppress the statement. He never sought any discovery to determine the reliability of the dog sniff, to determine whether the dog had proved to be reliable by prior hits which were recorded. He never sought to obtain any information whatsoever regarding an investigation so he could put on a meaningful motion to suppress or trial. As a matter of fact, in the direct appeal of this case, this appellate court determined that almost every issue was waived as a result of defendant's counsel's failure to put forth any evidence. Then what happens is the only thing he did that wasn't ineffective or a degree of incompetence is he stipulated to the chemical report without his client's consent. That is something which has not ever been held to be an ineffective assistance of counsel. And yet, that was the only thing in the appellate proceedings that the appellate counsel, Mr. Levins, even raised as an issue in this case with respect to ineffective assistance of counsel. He never raised any of the other issues. Additionally, after Mr. Voltaire was found guilty, Mr. Spector never even came back. It was an individual by the name of Mr. Prusak who then comes for the post-trial motion. In his post-trial motion, in the transcripts of the proceeding, he goes, Well, I don't really have one. I'm going to use a boilerplate and just make some changes and I really have no argument to be made. So he files a boilerplate motion, doesn't have the transcript, doesn't even attempt to get the transcript before filing his post-trial motions, and basically also waives every issue that Mr. Voltaire could have had on direct appeal, which was also commented on in the appellate decision by this court. Then Mr. Levins comes in and he doesn't raise any issue regarding incompetence of counsel. I believe that it's very hard for me in this case because from the time I read it, it was very disturbing to me that these things occur, that these attorneys represented or at least alleged to represent an individual and took no steps whatsoever to put forth any defense, to attempt to do any investigation, and then when the appellate attorney looks at the record and reads the record, he doesn't raise one issue regarding their ineffective assistance of counsel, which is the main issue, as I see it, for appeal. Just as an example, which you guys I'm sure have read, the closing argument of Mr. Spector is, after this case, the entire closing argument he says is, Your Honor, we had believed that we contested this matter on the basis of an illegal stop. We're not contesting, or we at this point, we have no comment as to the evidence of any possession. If that's a closing argument, which is by an effective attorney, I'm not sure what would be considered ineffective. I think in this case we put forth, by the trail record alone, a sufficient basis for, to meet the second prong of the post-conviction and have a hearing. So what happened when I go down to Tuscola? I lay this out the same way I'm laying it out for Your Honor, and counsel there, I mean the judge there, has never even looked up, I don't know whether he read the record or he didn't, but he grants a motion to dismiss and he says, For the reasons the state set. Well the reason the state set was that there hadn't been a showing. I don't know how anyone could read this record and not at least come to the primary prong that there at least should be a hearing to determine if there was ineffective assistance of counsel under Strickland. The question that gets raised in this appeal with respect to prejudice, Bloomingberg talks about the fact that, the case talks about the fact, and we cite it in our brief, that if there's nothing done, if the representation is so void of any type of defense or representation, then the movement doesn't have to prove prejudice. It would be impossible to prove prejudice in this case at the time after an appeal, after the post-trial motions had been filed, after the sentencing, after the trial transcript, trial had been had based on a transcript that gives us no information. And in this case I believe that this court should reverse the Tuscola court and set this back for a hearing and additionally should set it back for a hearing to a different judge as opposed to the judge who actually heard the trial and heard the motion for post-conviction relief. Additionally, and this is matters of public record, Mr. Prusak, who handled the case during the post-trial motions and provided nothing but a boilerplate, has been disciplined by this Illinois Supreme Court through the attorney registration and disciplinary, had been found guilty of neglecting nine criminal matters, got put on probation because he had a drug problem and then violated that probation within the last year and I believe his license was then suspended. Again, I've read everything, I'm sure your honors have, and based on the record that I've read in this case, which was submitted on behalf and as not an affidavit but the record for the post-conviction, this was the most egregious ineffectiveness I've ever seen in the 38 years that I've practiced. And if your honors have any questions I'll certainly answer them. No questions. Thank you. May I please support and counsel? My name is Anastasia Brooks and I represent the people in this case. The state's brief has relied almost exclusively on one aspect of this case to respond to what seems to be the defendant's strongest arguments, his denials of committing any traffic violations which would then subject the evidence recovered from the stop to suppression because of the lack of a probable cause of reasonable suspicion at the inception of the traffic stop as well as the defendant's claim that he was never Mirandized. Of course, the problem with those arguments is that they were never substantiated by anything that was attached to the post-conviction petition that is valid. In other words, they were not included in any of the record, reported proceedings, transcripts that were attached. The only source is the defendant's own word that he says he was never Mirandized or that he told his lawyers that he wanted to testify that he had only one air freshener, not the 18 that the police said, and also that he was only in the left lane to pass the truck rather than violating the left lane law, which is what the police said. Well, isn't that the fundamental problem that the appellant raises here, that there's been no, not just meaningful, there's really been no evidentiary hearing at all in this case, that the trial court proceedings below, because the appellant would suggest because of the ineffectiveness of the counsel he retained, was basically a long-form guilty plea as opposed to a trial or even a motion to stress. I mean, isn't that the fundamental problem here? I'm sorry, Your Honor. Go ahead. The basis of the challenge was not the grounds that he now suggests. But that's not to say that nothing was done below, that there was a complete abandonment of the client such that the chronic assumption of presumption of prejudice would attach. Instead, the counsel went with different theories for attacking the basis of the stop rather than having the defendant go on the stand and try to meet what would have been his burden to show the illegality of the stop at its inception by convincing the trial court, merely through his own testimony, and there's no showing the record that he had, that there was any possible way for them to obtain documentary evidence, pictures or videos, for example, that would have shown either him driving before the traffic stop or the condition of these air fresheners after the traffic stop. So if the only thing he had to go on was his own word, then it's not a presumption of prejudice that can be made, and an attorney can rely solely on, in a case with overwhelming evidence basically, about the confession of the defendant. If that's not subject to suppression, the fact that the police obtained the drugs and that he admits knowledge to police about it, it's an open and shut case at that point, and the only thing they would have to go on to defend against the conviction would be to urge for suppression of evidence, but that was done. It's just that now the defendant claims that something else should have been done to challenge the suppression issue, not what counsels actually did. So it's not a situation where nothing had been done below, and I think it was the Horton case where they said it's not a guilty plea context. If you go to a stipulated bench trial where the issue that the defense is being preserved is suppression of evidence, Fourth Amendment violation, that is not the equivalent of a guilty plea. So that's not something that's going to result in an automatic finding of ineffective assistance. But we get to this point, and the authority appears clear, that in order to substantiate the factual allegations the defendant makes, he has to attach a valid affidavit, and an affidavit requires notarization in this context, and that was the Nice-Goda case that was citing the Roth case from Illinois Supreme Court. The defense reply relies on the Rovideau exception, which dealt with Rule 191, which actually specifies particular requirements for affidavits under that rule. And Roth clarifies that this is not a situation like Rovideau where that exception applies to the general rule that affidavits have to be notarized to be valid for purposes of the Post-Conviction Hearing Act, and that is merely not stated in the Post-Conviction Hearing Act, but that is what it means to be an affidavit, and that requirement of an affidavit attachment takes into account all of the case law defining what it is to be an affidavit, and that's what Nice-Goda relies on. And so the Rovideau exception does not apply, and also the defense reply claims that the prosecution has forfeited this issue, but yet this is not a situation like the untimeliness affirmative defense. The defendant's reply brief cites the Beauclair case, and timing is something that cannot be raised by the judge as a basis for a summary dismissal. That's something that has to be actually alleged by the state. The state gets to choose whether to challenge a petition as being untimely or not, and then the defendant has an opportunity to show a lack of culpable negligence in presenting an untimely petition. None of those elements are here, and instead the failure to attach a required affidavit to a petition is actually something that subjects that petition to summary dismissal. So this is a completely different situation from the timing case like Beauclair that's cited by the defense. So there's no authority that the defense cites that's on point that would show that this is something that would depart from the general rule that appellees can raise any arguments in support of affirmance that find support in the record. So the record shows that this wasn't a notarized affidavit, therefore it's not an affidavit, and for that basis he does not get an evidentiary hearing on his claims because he hasn't subjected himself to the possibility of a perjury prosecution by documenting that he in fact made those statements in his signed document under oath before someone who is authorized to give oaths. So that is the primary reason, and I think the only reason why the state is objecting to that request for remand. And also I understand that the defense is asking for a remand to a different judge, but yet there's no showing, or citation of authority even, to support that request in their brief, no showing that Judge Chris Freese was prejudiced in such a way that that would warrant a remand to a different judge if in fact he prevails. So for these reasons the state requests this court to affirm. If you have any questions. I think we do now. Rebuttal. Justices, I agree with everything the counsel said factually in her argument. I just believe that those same facts that she's putting forth indicate clearly that this was an ineffective assistance of counsel claim, that we've met the first prong, and that this court should overturn the dismissal of our Post-Conviction Hearing Act. So clearly what she's saying is Mr. Voltaire didn't put forth any evidence whatsoever to show that he was not driving in the left lane for a short period of time, that the material obstruction wasn't material, that he wasn't Mirandized, and that's absolutely 100% true. None of that was done, and that wasn't done because his counsel didn't do it, because he didn't investigate it, because he didn't do anything to put forth any type of meaningful representation. What your Honor said is true. This appeared to be somewhat of just a long guilty plea. Now true, what counsel says, if this were a stipulated guilty plea after a motion to suppress was denied, and you were seeking a stipulated guilty plea so you could preserve your record on appeal and go up on the motion to suppress, granted you wouldn't say that was ineffective assistance of counsel. In fact, that's been done many times by myself and other lawyers, both in state and federal court under Rule 11, with the consent of your client, with the knowledge of your client, and with the fact that you had done a complete investigation and preparation and put on a meaningful motion to suppress. In this case, the motion to suppress was not meaningful. There wasn't even one put on with respect to the statements. With respect to the issue of the affidavit, first of all, there were two affidavits filed in this case. One was unnotarized because he was in prison. One was notarized after we got it, we contacted him, verified that it was done. It was notarized and sent in. But the basis of our petition is not based on the affidavit. The Post-Conviction Hearing Act talks about it can be affidavits and the trial record. You don't need an affidavit in this case. The trial record itself screams ineffective assistance of counsel. And I don't know if they're saying, well, it was dismissed because he didn't have a notarized affidavit. First of all, he did. But second of all, that certainly wouldn't cry out for dismissal at the first prong or before an evidentiary hearing because the trial record itself and the ruling on appeal in this court, which was attached, showed the trial court that this was, if the standard in Strickland was perfect as opposed to below a competent standard, I still think we could prevail because this man received. Counsel, don't you have to also show prejudice? Not under Bloomingbird if there's nothing been done. Yes, you can show prejudice, but if under the case of Bloomingbird, the standard is if you can show that the ineffective assistance was so wholly lacking as to not put on any defense, then you don't have to show prejudice. And we believe that in this case, that is what happened. I mean, this was wholly lacking. I'm assuming that I, and maybe I'm wrong, that each of you sat as trial judges or were lawyers that tried cases. And I believe that each of you would never have put a case on as was put on in the representation of Mr. Volterra because that would have been incompetent, even to the Strickland standard. And I think it was so, like I said, so wholly lacking that even under Bloomingbird, we don't have to show prejudice. With respect to why we're asking it to be remanded to a different judge, well, there's two reasons. One, based on what happened in the case in Tuscola and what I perceived and perhaps my perception was incorrect from the record in being there, it was, there was a bias towards the state. Additionally, there was a poll which came out through the, I don't know if the Supreme Court did it or the Illinois Bar Association, but it rated in terms of bias all circuit and associate judges in all the districts. And in the district in Tuscola, the judge who handled this case was ruled to have been the most biased. And that's why we're asking it to go back to someone else. I believe this is a case which, in the fairness under Mr. Volterra's constitutional rights, which have been abrogated by the three attorneys that he chose in all fairness to him and all fairness to the Constitution and our system, that this is overturned and allowed to return for an evidentiary hearing. Thank you very much. Thank you, counsel. We take this matter under advice.